UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**
*ex rel.* **LARRY BOMAR,**

    **PLAINTIFFS,**

v.                                   **NO. 8:16-CV-3310-MSS-JSS**

**BAYFRONT HMA**
**MEDICAL CENTER, LLC,**

    **DEFENDANT.**

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Bayfront HMA Medical Center, LLC ("Bayfront"), moves for a stay of discovery pursuant to *Federal Rules of Civil Procedure* 26(c) until the Court has resolved Bayfront's pending motion to dismiss Relator's First Amended Complaint ("FAC"). (ECF Nos. 89, 94.)

A stay of discovery is warranted in this case because the Court's ruling on Bayfront's pending motion to dismiss will likely resolve the case and remove the need for discovery altogether. Indeed, the parties had agreed to stay the case in their first case management report, filed with the Court on February 9, 2022, (ECF No. 63), and the Court accordingly stayed discovery (ECF No. 65). Nothing in the case has changed in the intervening months except that the Court dismissed Relator's initial complaint, (ECF No. 87), and the FAC does not address the issues identified by the Court -- a development that casts further doubt on the viability of Relator's claims and underscores the wisdom of a stay. At a minimum, even if the

Court did not, again, dismiss the case entirely, the scope of the case and corresponding discovery may well be substantially limited by the Court's order on the motion to dismiss.

Granting a stay of discovery will not unduly burden the parties. On the contrary, granting a stay would avoid a potentially significant waste of time and resources by the parties, the Court and the various federal, state and local units of government who administer the healthcare programs and funding regimes implicated by the allegations in Relator's FAC, all of which would be subject to significant discovery if this case proceeds. Resolution of the pending motion to dismiss will help the parties and the Court avoid these unnecessary costs and intrusions into federal, state, and local units of government by eliminating the need for discovery altogether or, at a minimum, clarifying any remaining claims and issues in the case.

A stay is particularly appropriate here given that Relator's claims are fraud claims arising under the False Claims Act, subject to the stringent pleading requirements of Rule 9(b). The jurisprudence of both this Court and the Eleventh Circuit have made clear that courts should assess whether a complaint has satisfied these pleading requirements before allowing discovery to proceed on such claims.

Finally, given that the case has been ongoing for over six years, there would be no practical harm in staying discovery for a further brief period while the Court adjudicates the pending motion to dismiss. Under the circumstances, both the balance of harms and this Court's precedents warrant a stay. This is particularly

so given that Relator's FAC attempts to single out one hospital providing health services to Florida's most economically disadvantaged populations, and hold it liable under the punitive provisions of the False Claims Act for open and transparent State-Federal funding arrangements. Relator should not be rewarded with a ticket to discovery on such a lawsuit unless the Court has confirmed that he can state a viable claim.

## PROCEDURAL HISTORY

Relator filed this *qui tam* action under seal on December 2, 2016. (ECF No. 1.) The Complaint asserted claims under the federal False Claims Act for presentation of false claims to the federal government, use of false records or statements to get false claims paid, and conspiracy to violate the FCA under 31 U.S.C. §§3729(a)(1)(A)-(C). (ECF No. 1.) On September 13, 2021, after more than four-and-a-half years of investigation, the United States noted that its investigation had not been completed and it was unable to decide whether to intervene. (ECF No. 23.) The Court then unsealed the Complaint. (ECF No. 24.)

On November 23, 2021, Bayfront moved to dismiss. (ECF No. 38.) On February 9, 2022, shortly after the filing of the Parties' Case Management Report (ECF No. 63), the Court granted a stay of discovery. (ECF No. 65.) Nearly a year later, on January 9, 2023, Relator moved to lift the stay and Bayfront filed an opposition. (ECF Nos. 85 and 86.) The Court then granted Bayfront's motion to dismiss, without prejudice, on January 24, 2023, (ECF No. 87), and lifted the stay

"[i]n light of the resolution of the dispositive motions" (Jan. 25, 2023 Endorsed Order).

On February 14, 2023, Relator filed his FAC, dropping all defendants other than Bayfront and advancing the same legal theories asserted in his original complaint. (ECF No. 89.) On February 28, 2023, Bayfront moved to dismiss the FAC (ECF No. 94), and that motion remains pending before the Court.

## **LEGAL STANDARD**

"The Court has 'broad discretion' in deciding whether a stay is warranted." *Fernandez v. Freedom Health, Inc.*, No. 8:18-cv-1959-MSS-JSS, 2021 WL 2954309, at *1 (M.D. Fla. Mar. 25, 2021) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997)). Staying discovery under Federal Rule of Civil Procedure 26(c) pending the resolution of a motion to dismiss is appropriate when "good cause and reasonableness" are shown. *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (Scriven, J.) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)) (granting motion to stay discovery pending resolution of defendants' motions to dismiss). "Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending resolution of the dispositive motion." *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, No. 8:14-cv-774-T-35MAP, 2014 WL 12621558, at *1 (M.D. Fla. Sept. 9, 2014) (Scriven, J.).

In deciding whether to stay discovery pending resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the

possibility that the [pending] motion will be granted and entirely eliminate the need for such discovery." *Fernandez*, 2021 WL 2954309, at *1 (Sneed, J.) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); *DeBoskey*, 2016 WL 11504673, at *1 (Scriven, J.) (quoting *Berry v. Canady*, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011)).

## DISCUSSION

### I.  There is Good Cause for Staying Discovery.

There is good cause to stay discovery because Bayfront's pending motion to dismiss will likely dispose of the entire action. *Safeco*, 2014 WL 12621558, at *1 ("Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending the resolution of the dispositive motion."). Bayfront's motion argues, among other things, that the FAC does not satisfy the pleading requirements of Rule 9(b) or otherwise state a claim under the False Claims Act. (*See* ECF No. 94 at 10-24.) Bayfront argues that the FAC fails to allege facts sufficient to establish any of the elements of Relator's claims. *See id.* at 10-24. Indeed, the FAC did nothing to cure the deficiencies in the original complaint identified by the Court. For example, the FAC fails to identify, attach, or describe with particularity any actual false claim submitted to the federal government, or to link any such claim to the conduct of Bayfront. The FAC also fails to plead that Bayfront acted with the requisite scienter, in part, because the alleged "scheme" was open, transparent, and known by all relevant stakeholders, and CMS

continued making FFP payments despite its awareness of the funding practices at issue. *See id.* at 20-22.

Facial challenges to the legal sufficiency of a claim, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins. *Chudasama*, 123 F.3d at 1367. Indeed, discovery should "follow the filing of a well-pleaded complaint," and it is "not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Paul v. Biotronik, Inc.*, No. 8:18-CV-396-T-36JSS, 2020 WL 13369048, at *2 (M.D. Fla. Oct. 16, 2020) (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)) (granting motion for stay in *qui tam* False Claims Act action). This logic applies with all the more force because the Court has already dismissed Relator's claims once, and Bayfront's motion to dismiss demonstrates that Relator's FAC still fails for many of the same reasons identified in the Court's prior order dismissing the case.[1]

If the Court agrees with any of Bayfront's arguments, the need for discovery would be eliminated entirely. At a minimum, resolution of the motion will help the parties clarify any claims and issues remaining in the case and help them focus their discovery efforts. As this Court has made clear, this prospect alone provides good cause to stay discovery. *See Safeco*, 2014 WL 12621558, at *1 (recognizing that good cause to stay a case exists where resolution of a preliminary motion may

---

[1] In balancing the harm produced by a delay in discovery against the possibility of the motion to dismiss being granted and entirely eliminating the need for such discovery, it is appropriate to take a "preliminary peek" at the merits of the motion to dismiss to determine whether a stay is warranted. *See Paul v. Biotronik, Inc.*, No. 8:18-CV-396-T-36JSS, 2020 WL 13369048, at *2 (M.D. Fla. Oct. 16, 2020) (citing *Feldman*, 176 F.R.D. at 652).

dispose of the entire action) (citing *Patterson v. United States Postal Serv.*, 901, F. 2d 927, 929 (11th Cir. 1990)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (noting that good cause to stay discovery exists where resolution of a preliminary motion may dispose of the entire action); *see also Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) ("[A] motion to dismiss for failure to state a claim must be resolved before discovery begins.").

## II. The Balance of Harms Weighs in Favor of a Stay of Discovery.

The balance of harms justifies a stay of discovery here because (1) a stay would not produce any harm, and (2) a stay aligns with Eleventh Circuit precedent in False Claims Act cases and will help the parties, the Court and relevant third parties avoid needless waste of time and resources.

### A. A Stay Would Not Produce Any Harm

There would be no harm -- to any party -- from staying discovery until the Court has ruled on the pending motion to dismiss. Indeed, Relator previously consented to a stay. *See* Case Management Report (ECF No. 63) at 2 (stating that "[t]he parties agree that discovery should commence for all parties" after any stay period or on the date any motion to stay is denied).[2] And there is nothing in Relator's FAC that militates against a stay. Relator has requested no expedited or injunctive relief, only money damages, and there is no indication that discoverable

---

[2] The deadlines proposed by Bayfront in the current Case Management Report are consistent with the deadlines proposed in the original Case Management Report. (*See* ECF Nos. 63, 93).

7

materials will be lost or become unavailable for the brief period while the motion to dismiss is pending.

The parties are in the same position as existed when Relator initially consented to a stay. Given that this case has been ongoing for more than six years while the federal government conducted its investigation and decided whether to intervene, another brief stay of discovery will not be prejudicial to any party. Because there would be *no harm* produced by a stay of discovery, the balance of harms supports a stay.

### B. A Stay of Discovery Comports With Eleventh Circuit Precedent And Would Create Significant Benefits

Staying discovery until after the Court's ruling on the pending motion to dismiss will help clarify any remaining issues and claims, focus the parties' discovery efforts, and may eliminate the need for discovery entirely. This would avoid a potentially substantial waste of time and resources for the Court, the parties and the third-party government agencies implicated in Relator's claims.

In particular where, as here, a defendant challenges a *qui tam* complaint under Rule 9(b), the Eleventh Circuit has recognized that the balance of harms favors a discovery stay. *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 801 n. 23 (11th Cir. 2014) ("A line of decisions from the Eleventh Circuit-*Clausen*, *Corsello*, *Atkins*, and *Solvay* -- make clear that this court has an important gatekeeping function where FCA claims are involved…courts must be principled in not [permitting] discovery absent a suitable basis."); *see also United States ex rel. Atkins v. McInteer*, 470 F. 3d 1350, 1359–60 (11th Cir. 2006) (noting that Rule

8

9(b)'s requirements would be a "nullity" if discovery is allowed prior to ensuring relator stated a FCA claim, as Rule 9(b) ensures "claims with discernable boundaries and manageable discovery limits").

A stay of discovery here not only upholds the gatekeeping function of Rule 9(b), but also protects the parties and this Court from expending limited time and resources on claims that may ultimately be dismissed or narrowed. As the Court has recognized, discovery usually includes "significant costs" for parties, *Chudasama*, 123 F. 3d at 1367–68, particularly in FCA actions like this one that involve complex allegations spanning multiple years. Indeed, Bayfront has already incurred substantial time and expense in responding to the government's investigation demands and litigating the deficiencies in Relator's initial complaint, resulting in the Court dismissing the action. (ECF No. 87.) Bayfront should not have to repeat those efforts, or incur additional costs, before the case is evaluated for legal sufficiency.

This case also will require third-party discovery of documents and testimony from federal, state and local government entities implicated in the FAC's allegations, including CMS, Florida's Agency for Health Care Administration, and local units of government in Pinellas County. Should Bayfront prevail on its motion to dismiss, such third-party discovery would prove unnecessary.

Because (1) the burdens of discovery on the parties, the Court and multiple third parties are likely to be substantial, (2) the need for discovery is likely to be clarified, focused, or eliminated with the Court's ruling on Bayfront's pending

9

motion to dismiss, and (3) the requested short stay of discovery would not prejudice any party, the balance of harms weighs strongly in favor of granting a stay.

## CONCLUSION

For all of the foregoing reasons, Bayfront asks the Court to stay discovery until the Court has ruled on Bayfront's pending motion to dismiss.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g) undersigned counsel conferred with counsel for Relator by telephone on February 17, 2023 (and confirmed by email on March 7, 2023), in good faith to resolve the matter addressed herein. Counsel for Relator advised that Relator opposes the motion.

Dated: March 7, 2023                          Respectfully submitted,

|  |  |
|---|---|
| Gregory M. Luce (*Pro Hac Vice*) <br> Bradley A. Klein (*Pro Hac Vice*) <br> greg.luce@skadden.com <br> bradley.klein@skadden.com <br><br> **SKADDEN, ARPS, SLATE,** <br> **MEAGHER & FLOM LLP** <br> 1440 New York Ave., N.W. <br> Washington, D.C. 20005-2111 <br> Ph: (202) 371-7000 <br> Fax: (202) 393-5760 | */s/ A. Brian Albritton* <br> A. Brian Albritton <br> Florida Bar No. 0777773 <br> brian.albritton@phelps.com <br><br> **PHELPS DUNBAR LLP** <br> 100 South Ashley Drive, Suite 2000 <br> Tampa, FL 33602 <br> Ph: (813) 472-7550 <br> Fax: (813) 472-7570 |

*Counsel for Bayfront HMA Medical Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I filed the foregoing with the Court's electronic filing system, which will cause a copy to be served upon all counsel of record.

*/s/ A. Brian Albritton*
A. Brian Albritton
