UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY BOMAR,

    Plaintiff,

v.                                              Case No: 8:16-cv-3310-MSS-JSS

BAYFRONT HMA MEDICAL
CENTER, LLC,

    Defendant.
_____/

## ORDER

    Defendant Bayfront HMA Medical Center, LLC (Bayfront) moves for a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) until the court resolves its pending motion to dismiss Relator's First Amended Complaint. (Motion, Dkt. 99.) Relator opposes the Motion. (Dkt. 101.) The court held a hearing on the Motion on April 6, 2023. (Dkt. 106.) For the reasons set forth below, the Motion (Dkt. 99) is granted in part and denied in part.

## BACKGROUND

    Relator initially brought this *qui tam* action against Bayfront and five other Defendants on behalf of himself and the United States in a complaint filed on December 2, 2016. (Dkt. 1.) Relator was Bayfront's Reimbursement Manager from April 1, 2013 to September 30, 2016 and the Reimbursement Manager to Bayfront's corporate predecessor from April 2001 through March 31, 2013. (*Id.* ¶ 8.) In the

original Complaint, Relator alleged that Defendants engaged in a scheme to obtain reimbursements in violation of the False Claims Act (FCA), which involved (1) donations from Defendants, as private, non-public entities, to the Juvenile Welfare Board of Pinellas County, Florida (JWB); (2) an agreement by the JWB to transfer all but ten percent of the donation via intergovernmental transfers to the Florida Agency for Health Care Administration (AHCA); and (3) "an intention [by Defendants] to thereby receive Medicaid funding inappropriately boosted by matching federal funding." *See* (*id.* ¶ 73.) Relator alleged that Defendants' donations were not bona fide because they originated from private, non-public entities, and that "[i]n essence, [Defendants] paid themselves to increase the federal matching funding on Medicaid patients, and paid the JWB a ten percent fee in order the accomplish the scheme." (*Id.* ¶¶ 74–75.) After an investigation, the United States declined to intervene in this action. (Dkt. 23.) On February 9, 2022, the court granted Defendants' construed motion to stay all deadlines pending the resolution of Defendants' then-pending motions to dismiss. (Dkt. 65.) Relator did not oppose Defendants' construed motion to stay at that time. (*Id.*)

On January 24, 2023, the court granted Bayfront's Motion to Dismiss (Dkt. 38) and Defendants Johns Hopkins All Children's Hospital, Inc. and Community Health Centers of Pinellas, Inc.'s Joint Motion to Dismiss (Dkt. 64). (Dkt. 87.)[1] As to Relator's First Cause of Action for the presentation of false statements material to false

---

[1] Relator and the remaining Defendants reached agreements to settle this matter as to those Defendants. (Dkt. 81.)

claims in violation of 31 U.S.C. § 3729(a)(1)(A), the court found that Relator's original Complaint failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) because Relator "failed to plead any correlation between the Defendants' conduct and the ultimate presentation of claims for payment[.]" (*Id.* at 15.) With respect to Bayfront, the court found that Relator failed to identify an objectively false claim beyond Bayfront's internal policy to classify donation-related funds as "[Intergovernmental Transfer] Dollars at Risk" nor had Relator attached to the Complaint any of Bayfront's cost reports that Relator contended were false. (*Id.* at 15–16.) The court further found that Relator had failed to allege facts to suggest that there is a sufficient "indicia of reliability" to support his claims and that Relator "failed to plead materiality or scienter because the Complaint does not detail an objectively false claim that stems from conduct perpetrated by each Defendant." (*Id.* at 16–17.) As to Relator's Second Cause of Action for the making or using of false statements in violation of 31 U.S.C. § 3729(a)(1)(B), the court similarly found that Relator failed to satisfy Rule 9(b)'s requirements because the Complaint failed to identify with particularity the false statements made by Bayfront. (*Id.* at 18–19.) Finally, the court dismissed Relator's Third Cause of Action for conspiracy to violate the FCA because the Complaint contained only "bareboned allegations which barely hint at a conspiracy between the Defendants and the JWB." (*Id.* at 19–20.)

With the court's leave, Relator filed a First Amended Complaint on February 14, 2023, which was brought against Bayfront only and alleged the same fraudulent scheme and three violations of the FCA. (Dkt. 89.) Bayfront has now moved to

dismiss the First Amended Complaint, arguing that Relator has failed to remedy the defects identified by the court in the original Complaint. (Dkt. 94.) Bayfront's motion to dismiss the First Amended Complaint remains pending before the court. In the Motion to Stay, Bayfront seeks a complete stay of discovery pending resolution of its motion to dismiss the First Amended Complaint. (Dkt. 99.)

## APPLICABLE STANDARDS

Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion. Fed. R. Civ. P. 26(c)(1); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at Section I.E.4.; *Fitzgerald Motors, Inc. v. FCA US LLC*, No. 8:19-cv-2661-T-35AAS, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020). However, the court enjoys "broad discretion" in deciding whether a stay of discovery is warranted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.") (footnote omitted). "While motions to stay discovery may be granted pursuant to Rule 26(c) . . . the moving party bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the

possibility that the motion will be granted and entirely eliminate the need for such discovery." *United States v. Space Coast Med. Assocs., L.L.P.*, No. 6:13-cv-1068-Orl-22TBS, 2014 WL 12616951, at *1 (M.D. Fla. Dec. 3, 2014) (quoting *Feldman*, 176 F.R.D. at 652). Delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. However, "[d]iscovery should follow the filing of a well-pleaded complaint." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *accord Chudasama*, 123 F.3d at 1367. Thus, it is necessary for the court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53 (internal quotations removed).

## ANALYSIS

As noted, Defendant moves the court to stay all discovery pending the resolution of its motion to dismiss the First Amended Complaint. (Dkt. 99.) Defendant argues that Relator's First Amended Complaint suffers from the same defects as the original Complaint and Relator has again failed to meet the heightened pleading standard required by Rule 9(b). (*Id.*) Defendant further argues that a stay of discovery would not produce any harm in this action that was previously stayed by the court and that permitting discovery would burden the parties, the court, and third parties, including government entities, by the incurring of unnecessary discovery costs. *See* (Dkt. 99 at 7–8.) Relator argues in response that Defendant has failed to carry its

burden to warrant a stay, that a continued delay in discovery would prejudice his position and the ability to obtain information from fading recollections, and that "an exchange of initial disclosures and meaningful alternative dispute resolution efforts are likely to further judicial economy by increasing the chances that the case resolves by agreement[.]" (Dkt. 101 at 3.)

Because the FCA is a fraud statute, claims must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). *U.S. ex rel. Clausen v. Lab. Corp. Of Am., Inc.*, 290 F.3d 1301, 1308–09 (11th Cir. 2002). Indeed, as the Eleventh Circuit has recognized in FCA cases, "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (citation omitted).

Upon review of the First Amended Complaint (Dkt. 99), Defendant's Motion to Dismiss and supporting declaration (Dkts. 94, 95), Relator's response to Defendant's Motion to Dismiss (Dkt. 100), Defendant's Motion to Stay Discovery (Dkt. 94), Relator's response thereto (Dkt. 101), and the arguments of counsel, the court finds that Defendant has not carried its burden to demonstrate good cause and reasonableness for a complete stay of discovery in this matter. Specifically, in conducting a "preliminary peek" at Defendant's Motion to Dismiss, although it appears to be case dispositive, it is not clear to the court that the motion is "clearly meritorious." *Feldman*, 176 F.R.D. at 652–53. In its order dismissing the original Complaint, the court identified several deficiencies in the pleading, including that Relator failed to plead a false claim with the requisite particularity, failed to support

his claims with sufficient indicia of reliability, and failed to adequately plead materiality or scienter. In response, Relator filed the First Amended Complaint, which included additional allegations and exhibits directed at addressing the deficiencies identified by the court. (Dkt. 99); *see also* (Dkt. 95-1 (redline identifying changes between original Complaint and First Amended Complaint).) In reviewing the additional allegations and supporting documents, it is not clear that Relator has failed to identify a false claim attributable to Defendant or that Defendant's Motion to Dismiss is likely to be meritorious as to all of the causes of action asserted by Relator. *See, e.g.*, *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims"); *United States v. Infilaw Corp.*, No. 6:16-cv-970-Orl-37TBS, 2018 WL 889024, at *3–5 (M.D. Fla. Feb. 14, 2018) (denying motion to stay discovery where "the Court is not persuaded that at this early stage in the litigation there is an immediate and clear possibility that the motion to dismiss will be granted") (internal quotations omitted); *Space Coast Med. Assocs., L.L.P.*, 2014 WL 12616951, at *1–2 (denying motion to stay where the court "is not convinced of an immediate and clear possibility that the motion to dismiss will significantly narrow the issues or dispose of Plaintiffs' entire second amended complaint") (internal quotations omitted); *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2021 WL 9859769, at *2–3 (S.D. Fla. Oct. 27, 2021) (denying motion to stay discovery where "the Court cannot say at this time that the Motion to Dismiss is a sure winner"). Moreover, although the parties

agreed to a stay of discovery pending resolution Defendants' motions to dismiss the original Complaint, *see* (Dkt. 65), Plaintiff now objects to the stay and Defendant has not identified any particularized harm in allowing discovery to go forward apart from costs that it, Relator, and third parties may incur in engaging in discovery that may be ultimately unnecessary.  *See, e.g.*, *Physician Surgical Network, Inc.* 2022 WL 6163122, at *2 (rejecting defendant's argument that "engaging in discovery will impose unnecessary costs to the litigants and to the court system . . . but otherwise fails to articulate any particular burden that engaging in the discovery process would impose"); *Fitzgerald Motors, Inc.*, 2020 WL 1139092, at *1 (denying motion to stay where the "court concludes that the balance tips in favor of requiring discovery to go forward").  Thus, the court finds that Defendant has failed to carry its burden to warrant a complete stay of discovery.  *See* Middle District Discovery (2021) at Section I.E.4. ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.  Such motions for stay are rarely granted.").

      Nevertheless, Relator represents that "an exchange of initial disclosures and meaningful alternative dispute resolution efforts are likely to further judicial economy by increasing the chances that the case resolves by agreement[.]"  (Dkt. 101 at 3.)  In balancing the relative harms identified by the parties, the court agrees.  Thus, discovery will be permitted pending resolution of Defendant's Motion to Dismiss (Dkt. 94) only to the extent that the parties exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).  *See, e.g.*, *Khan v. Bankunited, Inc.*, No. 8:15-cv-2632-T-

23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (granting motion to stay discovery in part and permitting initial disclosures under Rule 26(a)).

Accordingly:

1. Defendant Bayfront HMA Medical Center, LLC's Motion to Stay Discovery (Dkt. 99) is **GRANTED in part** and **DENIED in part**.

2. Discovery is permitted insofar as the parties are directed to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) within 14 days of this order.

3. Defendant's Motion to Stay Discovery is otherwise granted and discovery beyond the initial disclosures authorized by Rule 26(a)(1) is stayed pending resolution of Defendant's Motion to Dismiss the First Amended Complaint (Dkt. 94).

**ORDERED** in Tampa, Florida, on April 12, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record